**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Clyde DICKERSON,**
**Defendant–Appellant.**

No. 89–2079.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 20, 1989.

Decided May 1, 1990.

Thomas M. Daly, Asst. U.S. Atty., East St. Louis, Ill., James L. Porter, Asst. U.S. Atty., for plaintiff-appellee.

Renee E. Schooley, Federal Public Defender, St. Louis, Mo., for defendant-appellant.

Before WOOD, Jr., POSNER, and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

Clyde E. Dickerson was convicted of interstate transportation of stolen property in violation of 18 U.S.C. § 2314, possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871 and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Dickerson successfully appealed the district court's original sentence. *United States v. Dickerson*, 857 F.2d 414, 418 (7th Cir.1988). Upon remand to the district court for resentencing, Dickerson received a sentence of twenty-three years of confinement, fifteen years of which resulted from the district court's application of the sentencing enhancement statute, found in 18 U.S.C. § 924(e)(1). Dickerson on appeal challenges the district court's application of the sentencing enhancement provision in the statute. We affirm.

## I

This case centers upon Clyde Dickerson's challenges to the validity of the district court's use of two prior Illinois convictions in applying the sentencing enhancement provisions of 18 U.S.C. § 924(e) during his resentencing. Dickerson alleges that the district court erred in concluding that an August 12, 1982 Illinois burglary conviction was constitutionally valid and in concluding that a January 7, 1975 Illinois robbery conviction was a conviction for a "violent felony" under 18 U.S.C. § 924(e)(2)(B). The facts applicable to both of Dickerson's contentions are sketchy at best.

Dickerson's burglary conviction of August 12, 1982 resulted from a plea of guilty in an Illinois state court. Although a court stenographer was present to record the proceedings that led to the state court's acceptance of Dickerson's guilty plea, the stenographer who recorded the proceedings died before she transcribed the proceedings. Because this stenographer had a unique style of shorthand, other court reporters were unable to interpret her writing symbols. As a result a transcript of the guilty plea proceedings was never made. Nonetheless, the court's judgment docket sheet contained a court record entitled "Order and Judgment on Plea and Sentence," which reflected that: "Defendant advises the court that he desires to withdraw his plea of not guilty and enter a plea of guilty to the offense of burglary...." and that "[d]efendant [was] advised of the consequences of his plea of guilty, the elements of the offense, and his right to a jury trial." [1]

---

1. Dickerson, however, counters that the docket sheet regarding the acceptance of his plea differs from the record that the court prepared with respect to the plea of his co-defendant. The docket entry for the co-defendant, dated January 20, 1982, states: "The Court admonishes the defendant concerning the consequences of his plea of guilty, advises him of his rights, and the possible penalty." Dickerson's docket sheet did not contain such an entry and he asserts that this silence supports an inference

In addition to the 1982 state burglary conviction, Dickerson also was convicted of robbery in an Illinois state court on January 7, 1975 following a plea of guilty. According to the transcript of the state court hearing on the acceptance of Dickerson's guilty plea, the prosecutor stated that Dickerson "demanded money from the victim, at which time [the victim] refused ... was knocked to the ground by Clyde Dickerson and money in the sum of $13.00 was taken from the [victim's] pocket...." The prosecutor also noted that the victim "identified Clyde Dickerson as being the person ... who struck him and took the money from him...." When the court inquired whether Dickerson agreed "in substance" with the prosecutor's statement of the facts surrounding the crime Dickerson replied that he did. However, the state court granted Dickerson's petition to elect to be treated as a narcotic addict under the Dangerous Drug Abuse Act, Ill.Rev.Stat. ch. 91½, § 120.1 *et seq.* even though Ill.Rev.Stat. ch. 91½, § 120.8 prohibited such an election where the defendant was convicted of a crime of violence.[2] Prior to rendering his determination, the state trial judge stated:

"Before I can proceed with this matter, it is incumbent upon the Court to find that you are eligible to make this election in accordance with the procedures of Section 8 of the Act [Ill.Rev.Stat. ch. 91½, § 120.8] and Section 8 sub-paragraph A states that if the crime is a crime of violence, then you would not be eligible to elect treatment under the supervision of the Department, however, the Court will have to determine what the situation

is with regard to robbery. Robbery in itself could be a crime of violence and would want to know something about the factual basis relative to the robbery to see whether or not this Court would entertain the eligibility to proceed under this Section.... I think there would have to be enough here to satisfy this Court that the crime was not one of violence or that the crime as committed is such that, in the Court's discretion, the Court would feel that he would still be eligible for [the] election."

After hearing the factual basis surrounding the crime the state trial court concluded:

"I think, in view of the factual basis submitted to the Court here and taking into consideration the admonishment and recommendations made by the Department of Drug Abuse and crimes to consider and in considering the purpose and intent of the statute, as set forth in *People v. Robinson* of the Fifth Appellate District of which this court is a part of, the Court will find him eligible to make the election; now, having found that he is eligible to make the election having stated to the Court that he is an addict, I would advise you, Mr. Dickerson, that the prosecution of this charge may be continued if you elect to submit to treatment and you are accepted for treatment by the Department...."

As previously mentioned, the district court determined that both of Dickerson's Illinois convictions were for "violent felonies" under 18 U.S.C. § 924(e)(2)(B) and

---

that he was not informed of his rights during the guilty plea hearing.

**2.** The Dangerous Drug Abuse Act permits drug addicts convicted of non-violent crimes to receive supervised drug treatment under the supervision of the Illinois Department of Mental Health in lieu of prosecution. Ill.Rev.Stat. ch. 91½, § 120.8 provides:

"An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of the Department [of Mental Health] instead of prosecution or probation, as the case may be, unless (a) *the crime is a crime of violence,* (b) the crime is a violation of Sections 401, 402(a), 405 and 407 of the Illinois Controlled Substances Act, enacted by

the 77th General Assembly, or Sections 4(d), 5(d), 7, or 9 of the Cannabis Control Act, enacted by the 77th General Assembly, (c) the addict has a record of 2 or more convictions of a crime of violence, (d) other criminal proceedings alleging commission of a felony are pending against the addict, or (e) the addict is on probation or parole and the appropriate parole or probation authority does not consent to that election, or (f) the addict elected and was admitted to a treatment program on two prior occasions within any consecutive two year period. An eligible addict may not be admitted to a treatment program, however, unless the authorities concerned consent as hereinafter set forth."

that both convictions could, thus, be properly considered for purposes of enhancing Dickerson's sentence under 18 U.S.C. § 924(e). With respect to the 1982 burglary conviction, the court concluded that the unavailability of a transcript of Dickerson's guilty plea hearing was insufficient to bar the court from considering this offense for sentence enhancement purposes. In regard to the 1975 state robbery conviction, the district court stated:

"I think robbery per se fits under the definition in the 924 statute. 924 E2(b) defines violent felony as any crime punishable by imprisonment for a term exceeding one year, that as an element, has as an element of the use, attempted use, or threatened use of physical force against the person of another, and I think that statutory robbery fits that definition. The fact that [the state judge] in his wisdom may have found that, for purposes of some drug statute, ... this wasn't a violent crime is not binding on this Court with reference to the enhancement of 924."

Based upon these conclusions, the district court proceeded to consider the robbery conviction, the burglary conviction and another uncontested conviction as "violent felonies" in imposing a sentence enhancement pursuant to 18 U.S.C. § 924(e).

## II

Dickerson contends that the 1982 state burglary conviction resulted from what he refers to as an invalid guilty plea and that the district court, thus, erred in concluding that this conviction was a "violent felony" for purposes of the sentence enhancement provision of 18 U.S.C. § 924(e).[3] Specifically, Dickerson maintains that the guilty "plea was not voluntary and intelligent as the record is silent on the key question of whether defendant was informed of his privilege against self-incrimination, his

right to a trial by jury and his right to confront his accusers." Dickerson relies on *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), for the proposition that a conviction pursuant to a guilty plea is not valid unless the defendant intelligently and voluntarily waives his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers. Dickerson, relying on *Boykin,* argues that a waiver of these rights cannot be presumed from a silent record. *See Boykin,* 395 U.S. at 243, 89 S.Ct. at 1712.

In *United States v. Dickens,* 879 F.2d 410, 411–12 (8th Cir.1989), the Eighth Circuit recently confronted the question of the proper analysis to be applied to the question of whether a conviction has followed a valid guilty plea in a case where no transcript of the guilty proceedings could be found:

"When a prior conviction is a number of years old and there is no transcript of the taking of the plea, 'evidence of the trial court's practice is precisely the evidence which the government will have at its disposal.' *United States v. Goodheim,* 686 F.2d 776, 777 (9th Cir.1982). We previously have recognized the validity of relying on evidence of custom or practice of trial attorneys and judges to refute allegations of procedural infirmities. *See Brim v. Solem,* 693 F.2d 44, 45 (8th Cir.1982), *cert. denied,* 460 U.S. 1072, 103 S.Ct. 1530, 75 L.Ed.2d 951 (1983) (testimony of defendant's attorney as to his and the trial court's practice was sufficient to prove defendant had been advised of his right to appeal). The Ninth Circuit has specifically held that evidence of custom and practice is sufficient to demonstrate compliance with *Boykin. See Goodheim,* 868 F.2d at 777

---

**3.** Title 18 U.S.C. § 924(e)(1) provides:
"In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such a person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g) and such person shall not be eligible for parole with respect to the sentence imposed under this subsection."

(testimony of attorneys of trial court's consistent practice in taking pleas was sufficient to prove validity of a plea); *see also Bouchillon v. Estelle,* 628 F.2d 926, 928 n. 5 (5th Cir.1980) ('Evidence as to standard practice or customary procedure can be used to demonstrate compliance with constitutional standards in a hearing on a petition for habeas corpus.')."

The Eighth Circuit's discussion reflects the important policy that: "When, through no fault of the State, transcripts of criminal trials are no longer available because of the death of the court reporter, some practical accommodation must be made." *Norvell v. Illinois,* 373 U.S. 420, 424, 83 S.Ct. 1366, 1369, 10 L.Ed.2d 456 (1963). Thus, an untranscribed court proceeding does not, in and of itself, require a holding that a guilty plea was infirm. Instead, we investigate the custom, practice and law applicable to Illinois guilty pleas and if possible the particular court's practice to determine whether the plea was an intelligent and voluntary waiver of Dickerson's rights.

■ The Illinois law applicable to the acceptance of guilty pleas requires that the trial court appropriately warn the defendant of the consequences of a guilty plea. Illinois Supreme Court Rule 402(a) provides in relevant part:

> "The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands ... that the defendant has a right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty[,] and ... that if he pleads guilty there will not be a trial of any kind so that by pleading guilty he waives the right to trial by jury and the right to be confronted with the witnesses against him."

Furthermore, the judgment entered concerning Dickerson's burglary convictions stated that "[d]efendant [was] advised of the consequences of his plea of guilty, the elements of the offense, and his right to a jury trial." Under Illinois law it has generally been observed that, "[w]hen the record

... recites that the defendant was admonished as to consequences of the plea, it will be presumed, in support of such recital, that the district court discharged its duty." *People v. Childers,* 386 Ill. 312, 53 N.E.2d 878, 879 (1944). Indeed, it has also been observed that there is a "strong presumption of regularity in state judicial proceedings." *Honeycutt v. Ward,* 612 F.2d 36, 41 (2nd Cir.1979), *cert. denied,* 446 U.S. 985, 100 S.Ct. 2969, 64 L.Ed.2d 843 (1980).

Dickerson has failed to introduce any evidence to overcome the strong presumption of regularity that is reflected in the above factual scenario. Indeed, Dickerson failed to introduce any evidence, request a hearing or present an offer of proof to establish any facts that would demonstrate the constitutional invalidity of his 1982 Illinois burglary conviction. This failure is particularly noteworthy, because in the seven years between the burglary conviction and the resentencing, a period that has included a previous appeal of this conviction, Dickerson never raised the alleged constitutional invalidity of his 1982 burglary conviction in either state or federal court. In light of the evidence, the presumption that constitutionally regular procedures were utilized and Dickerson's failure to make any attempt to affirmatively present evidence demonstrating the constitutional invalidity of his 1982 guilty plea conviction, we refuse to hold that the absence of a transcript of Dickerson's guilty plea hearing, that resulted from the untimely death of the stenographer who recorded this hearing, requires a conclusion that Dickerson failed to receive constitutionally necessary descriptions of his rights prior to the acceptance of his guilty plea on the 1982 burglary conviction. Thus, we hold that the district court properly considered this conviction in its application of the sentencing enhancement provisions of 18 U.S.C. § 924(e).

### III

■ Dickerson next argues that the district court erred in denying defendant's motion to dismiss the sentencing enhancement provision due to the nonviolent nature

of the [1975] robbery conviction relied upon for the enhancement. Specifically, Dickerson argues that because he was sentenced for this conviction under the Illinois Dangerous Drug Abuse Act, an Illinois statute reserved for nonviolent offenders, the district court erred in concluding that the robbery was a violent felony that could be considered for sentencing enhancement under 18 U.S.C. § 924(e).

Title 18 U.S.C. § 924(e)(2)(B) defines what constitutes a "violent felony" that can be considered for purposes of 18 U.S.C. § 924(e)'s sentencing enhancement provisions and states:

> "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, ... [that] has as an element the use, attempted use, or threatened use of physical force against the person of another...."

At the time of Dickerson's conviction robbery was a Class 2 felony, a crime that under Illinois law is punishable by imprisonment for a term exceeding one year. Ill.Rev.Stat. ch. 38, § 18–1(a), in effect at the time of Dickerson's arrest and conviction, provided that: "A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force." The Illinois robbery statute very clearly, then, contains "an element [of] use, attempted use, or threatened use of physical force against the person of another," necessary to qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B). In sentencing Dickerson the district court observed:

> "I think robbery per se fits within the definition in the 924 statute. 924 E2(b) defines violent felony as any crime punishable by imprisonment for a term exceeding one year, that as an element, has as an element of the use, attempted, or threatened use of physical force against the person of another, and I think that statutory robbery fits that definition."

We agree with the district court that the Illinois robbery statute in its own terms includes the elements of either "use of force or ... threatening the imminent use of force," that clearly come within the scope of 18 U.S.C. § 924(e)(2)(B).

Not only are the elements of the Illinois robbery statute within the scope of 18 U.S.C. § 924(e)(2)(B), the circumstances of Dickerson's own crime reflect elements of use or threatened use of physical force. During his guilty plea hearing Dickerson admitted that he struck the victim, knocked him to the ground, and took $13.00 from the victim's pocket. These activities clearly involved the use of physical force against the victim.

Dickerson's receipt of a sentence under a state law provision that is required to be reserved for non-violent criminals cannot change our result. We are concerned with the federal statutory definition of violent felony found in 18 U.S.C. § 924(e)(2)(B), and the state court's interpretation of an Illinois alternative sentencing statute cannot preempt our construction of this federal statute. The question of whether Dickerson's 1975 robbery met the Illinois Dangerous Drug Abuse Act's definition of a violent crime does not alter the clear fact that a violation of the Illinois robbery statute *per se* constitutes a violent felony for purposes of 18 U.S.C. § 924(e)(2)(B). While the state courts are to determine the construction of the term "crime of violence" in the Illinois Dangerous Drug Abuse Act, it is the responsibility of the federal courts to interpret and apply 18 U.S.C. § 924(e). Because there can be no doubt that the 1975 Illinois robbery conviction was a conviction; and in particular, the facts thereof could reasonably be classified as a "violent felony" under 18 U.S.C. § 924(e)(2)(B), the district court properly included this conviction in its application of the sentencing enhancement provisions of 18 U.S.C. § 924(e).

Because the district court appropriately determined that both Dickerson's 1982 burglary conviction and 1975 robbery conviction met the requirements for consideration under the sentencing enhancement provisions of 18 U.S.C. § 924(e), we hold that the district court properly applied 18 U.S.C. § 924(e) in Dickerson's resentencing.

Thus, the district court's imposition of sentence pursuant to 18 U.S.C. § 924(e) is

AFFIRMED.