**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frank POLK, Jr., also known as Frank Pork, Defendant–Appellant.**

**No. 89–1996.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 23, 1990.
Decided July 26, 1990.

Thomas M. Durkin, Asst. U.S. Atty., Office of the U.S. Atty., Joan G. Fickinger, Asst. U.S. Atty., Office of the U.S. Atty., Cr. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Daniel G. Martin, Federal Public Defender, Office of the Federal Public Defender, Chicago, Ill., for defendant-appellant.

Before POSNER, COFFEY, and MANION, Circuit Judges.

MANION, Circuit Judge.

Defendant Frank Polk, Jr., appeals the enhancement of his sentence pursuant to 18 U.S.C. § 924(e). Polk alleges two of the three state convictions used to enhance his sentence were constitutionally infirm. We affirm.

I.

On April 13, 1988, a federal jury convicted Frank Polk, Jr., on one count of felonious possession of a firearm in violation of 18 U.S.C. § 922(g).[1] The evidence showed that on January 23, 1987, Polk brandished a loaded .22 caliber revolver at the Melody Lounge in Chicago, Illinois.

Several weeks prior to trial, the government served notice that for purposes of enhanced sentencing it intended to prove that Polk had six prior convictions for violent felonies in Illinois. Three of the convictions occurred in 1968, one in 1970, and the other two in 1971. All six convictions were for armed robbery, and all but the 1970 conviction were the result of guilty pleas. A complete transcript of proceedings was available only for the 1968 pleas.

Polk filed a motion to preclude the government from using the prior convictions for enhancement purposes. He claimed that the three 1968 guilty pleas had not been entered intelligently and voluntarily. Polk raised no constitutional objection to the 1970 conviction, but claimed that, because a transcript of the 1971 guilty plea proceedings was unavailable, the government should bear the burden of proving the constitutional validity of those pleas.

The district court agreed with Polk that it would not consider the 1968 convictions "due to the paucity of [the 1968] court's admonitions to defendant on the record." The court further stated that Polk would have the burden of proving any constitutional infirmity with respect to the remaining convictions. Polk subsequently filed an affidavit in support of his attack on the 1971 guilty pleas:

I remember that after I was found guilty of armed robbery by Judge Epton in Case No. 70–616, I entered into a plea of guilty to two more pending armed robbery charges. I don't remember these [sic] being anything different about those guilty pleas than the three guilty pleas I was involved in before that trial. I had a public defender and I said whatever he told me to say.

The district court found that Polk's 1971 convictions were legally adequate for purposes of sentence enhancement under 18 U.S.C. § 924(e).[2] The court noted the certified statements of conviction recited that "the defendant, having been fully advised

---

1. Section 922(g) provides: "It shall be unlawful for any person ... (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to possess in or affecting commerce, any firearm or ammunition...."

2. 18 U.S.C. § 924(e)(1) provides:
   In the case of a person who violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such a person shall be fined not more than $25,000 and imprisoned not less than 15 years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under § 922(g) and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

of his rights, and while represented by counsel, withdrew his plea of not guilty and entered a plea of guilty to armed robbery on April 12, 1971, before the Honorable Kenneth Wilson, Judge of the Circuit Court of Cook County." The court further noted that following the United States Supreme Court's opinion in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Illinois Supreme Court adopted Rule 402 which sets forth the necessary procedures for accepting a guilty plea. Assuming the state court judge adhered to Rule 402, the convictions could be used for enhancement. The court observed that while its assumption the state court adhered to applicable rules could be proved incorrect, that assumption could not be "disregarded at the call of a defendant faced with the collateral consequences of his earlier guilty pleas." The court accordingly imposed upon Polk the minimum mandatory 15–year sentence prescribed by § 924(e). Polk appeals.

## II.

Polk contends that the 1971 armed robbery convictions resulted from invalid guilty pleas, and that the district court thus erred in concluding Polk had three previous convictions for sentence enhancement purposes. He relies on *Boykin v. Alabama*, *supra*, in which the Supreme Court held a conviction pursuant to a guilty plea is not valid unless the defendant intelligently and voluntarily waives his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers. The Court further held a waiver of these rights cannot be presumed from a silent record. Polk essentially argues the record is silent here because there is no transcript for the 1971 guilty plea proceedings, and therefore the 1971 convictions cannot be used to enhance his sentence under *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), which held that certain constitutionally infirm convictions could not be used for sentence enhancement purposes.

However, the record in this case is not silent as it was in *Boykin*. The certified statement of conviction for Polk's 1971 cases states: "[T]he defendant, having fully been advised of his rights, and while represented by counsel, withdrew his plea of not guilty and entered a plea of guilty to armed robbery . . . ." The record in *Boykin* contained no such statement that the defendant was advised of his rights prior to pleading guilty. Furthermore, the defendant in *Boykin* was not represented by counsel; Polk was.

This court recently affirmed a conviction based on almost identical facts in *United States v. Dickerson*, 901 F.2d 579 (7th Cir. 1990). Clyde Dickerson was convicted of, among other crimes, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). The district court enhanced Dickerson's sentence by 15 years pursuant to 18 U.S.C. § 924(e). Dickerson appealed, asserting the 1982 state burglary conviction used to enhance his sentence resulted from an invalid guilty plea in violation of *Boykin*. There was no transcript of the guilty plea proceedings for the 1982 conviction, but the judgment docket sheet stated: "Defendant [was] advised of the consequences of his plea of guilty, the elements of the offense, and his right to a jury trial." *Id.* at 580. In affirming the conviction, we held: "[A]n untranscribed court proceeding does not, in and of itself, require a holding that a guilty plea was infirm. Instead, we investigate the custom, practice, and law applicable to Illinois guilty pleas and if possible the particular court's practice to determine whether the plea was an intelligent and voluntary waiver of Dickerson's rights." *Id.* at 583.[3] The court then cited Illinois Supreme Court Rule 402(a) as evidence of the custom and practice of Illinois courts with respect to guilty plea proceedings.

Rule 402(a), in effect at the time of Polk's 1971 guilty pleas as well as Dickerson's 1982 plea, provides:

---

**3.** The *Dickerson* court relied in part on *United States v. Dickens*, 879 F.2d 410, 412 (8th Cir. 1989), which recognized "the validity of relying on evidence of the custom and practice of trial attorneys and judges to refute allegations of procedural infirmities."

The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands ... that the defendant has a right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty[,] and ... that if he pleads guilty there will not be a trial of any kind so that by pleading guilty he waives the right to trial by jury and the right to be confronted with the witnesses against him.

Rule 402(b) further states: "The court shall not accept a plea of guilty without first determining that the plea is voluntary." From this, and the "strong presumption of regularity" in Illinois proceedings, the *Dickerson* court concluded there is a presumption that "constitutionally regular proceedings were utilized." *Id.* Dickerson failed to present evidence demonstrating the constitutional invalidity of his 1982 guilty plea conviction; therefore the court held he failed to overcome the presumption of constitutionality.

Similarly, Polk has presented scant, if any, evidence that his 1971 convictions violated *Boykin.* Because the government has demonstrated that it is the custom and practice of Illinois courts to follow the *Boykin* standards, Polk bears the burden of demonstrating the invalidity of his convictions. The only evidence Polk presents is that he does not remember there "being anything different about [the 1971] guilty pleas [from] the three [1968] guilty pleas" that were later found in violation of *Boykin.* We agree with the district court that the simple assertion of "I don't remember" is not enough to overcome the defendant's burden. The district court's decision is

AFFIRMED.