968 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Glenn A. JOHNSON, Defendant/Appellant.
 No. 91-3170.
 United States Court of Appeals, Seventh Circuit.
 Argued June 16, 1992.
Decided June 29, 1992.
 
 Before BAUER, Chief Judge, and CUDAHY and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Johnson pleaded guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). Before his plea, Johnson was advised of the applicability of 18 U.S.C. § 924(e)(1), a statute carrying a minimum penalty of fifteen years imprisonment. He fell under the statute because of prior convictions for three violent felonies: two robberies and one burglary. Johnson asked the judge to disregard the three convictions, which he argued were the product of unconstitutional guilty pleas. The judge denied Johnson's request in open court and sentenced Johnson to fifteen years. Johnson appeals, and we affirm.
 
 I. ANALYSIS
 
 2
 Under 18 U.S.C. § 924(e)(1), a felon who possesses a handgun after accumulating three violent felony convictions must serve a minimum of fifteen years in prison. Section 924(e) counts both state and federal convictions, as long as "constitutionally obtained." United States v. Henry, 933 F.2d 553 (7th Cir.1991), cert. denied, 112 S.Ct. 1703 (1992). The state bears the burden proving the convictions; the defendant proves unconstitutionality. United States v. Gallman, 907 F.2d 639, 642 (7th Cir.1990), cert. denied, 111 S.Ct. 1110 (1991).
 
 
 3
 To be constitutionally valid, a guilty plea must be entered voluntarily and intelligently. North Carolina v. Alford, 400 U.S. 25, 31 (1970). A plea is voluntary if "not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of his plea." Brady v. United States, 397 U.S. 742, 755 (1970); United States v. Jordan, 870 F.2d 1310, 1316 (7th Cir.), cert. denied, 493 U.S. 831 (1989). A plea is "intelligent" if the defendant understands the rights he waives including the rights: (1) against self-incrimination, (2) to trial by jury, and (3) to confront accusers. Boykin v. Alabama, 395 U.S. 238, 243 (1969). Although a silent record cannot establish knowledge of these rights, "the failure to advise a defendant of each right enumerated in Boykin does not automatically invalidate the plea." Henry, 933 F.2d at 559.
 
 
 4
 Johnson claims that none of his three pleas were intelligent and asks us to reverse the district court. We must do so only if the court's decision leaves "us with the definite and firm conviction that a mistake has been committed." United States v. Brown, 899 F.2d 677, 679 (7th Cir.1990) (citations and quotation marks omitted). We find no mistake in Johnson's case.
 
 A. The Burglary Conviction
 
 5
 The court properly admonished Johnson before accepting his burglary plea. It explained the charge to him and discussed the rights he was waiving. This dialogue was acceptable despite Johnson's young age and limited experience with the criminal justice system.
 
 1. Facts
 
 6
 Seventeen-year old Johnson pleaded guilty to burglary in 1979. At the beginning of his plea hearing, the judge asked Johnson and a co-defendant if they had an attorney. When both responded "no," the judge passed the case and appointed a public defender to represent them.
 
 
 7
 After a short recess, Johnson's attorney told the court that his clients wished to plead guilty. Before accepting the plea, the court (1) defined burglary, (2) discussed the minimum and maximum prison term under the statute, as well as the term agreed to in the plea bargain, (3) informed the defendants that they waived their rights to "a jury trial, to plead not guilty, and to hear and question the witnesses in [the] case", (4) asked whether they freely plead guilty, and (5) listened to the prosecutor's summary of the evidence.
 
 2. Discussion
 
 8
 Johnson first attacks the judge's failure to read his plea bargain into evidence. Johnson correctly asserts that this failure violates Rule 402 of the Illinois Supreme Court Rules, but he never explains why it renders the plea unintelligent or involuntary. Without such an explanation, his claim must fail. This court's function is to locate constitutional errors, not to interpret and apply state law, Stewart v. Peters, 958 F.2d 1379 (7th Cir.1992) (Rule 402 does not establish constitutional requirements).
 
 
 9
 Johnson also argues that his attorney's incompetence, along with the judge's limited questioning, make his conviction unintelligent. See Brady, 397 U.S. 742 (a finding of unconstitutionality must be based on the totality of the circumstances). We may disregard Johnson's claims of attorney incompetence because Johnson has not provided sufficient evidence. Johnson never obtained evidence from witnesses such as his co-defendant or attorney. He only presents his own affidavit. In similar situations, we have held a defendant's self-serving affidavit insufficient to establish unconstitutionality. Gallman, 907 F.2d at 644.
 
 
 10
 Johnson also alleges that the court's admonitions were insufficient given his age and inexperience. Johnson admits that the judge informed him of his rights (1) to a jury trial, (2) to plead not guilty, and (3) to question witnesses. Although these are the exact warnings required by Boykin, 395 U.S. at 243; Johnson claims they were too cursory. See also United States v. Henry, 713 F.Supp. 1182 (N.D.Ill.1989), aff'd, 933 F.2d 553 (7th Cir.1991) (the right to plead not guilty is the functional equivalent of Boykin 's right against self-incrimination). He argues that the judge should have assured his understanding of crucial words, such as "jury trial."
 
 
 11
 Johnson, however, provides no authority for his position. He cites only United States v. Burnom, 1991 WL 152902 1991 U.S.Dist. LEXIS 10,995 (N.D.Ill. Aug. 1, 1991), a memorandum decision from the Northern District of Illinois. Burnom shares many facts with Johnson's case, including short, undetailed questions by the judge and one-word answers by the defendant. Id. at * 9-* 10. Johnson dwells on these similarities, without elaborating on a crucial distinction. Id. at * 9. In Burnam, unlike Johnson's case, the judge misstated the defendant's rights. Id. Instead of discussing the right to confront witnesses, the judge discussed "the right to be confronted by witnesses"; The right against self-incrimination became the "right of self-incrimination." Id. These were, in the court's opinion, "important distinctions." Id.
 
 
 12
 Johnson has not cited a case where warnings fully complying with Boykin were insufficient because of the age and experience of a defendant. Our research has shown that, absent extreme circumstances, a simple recitation of the Boykin rights is effective. See, e.g., United States v. Frye, 738 F.2d 196, 201 (7th Cir.1984) (exceptional circumstances exist where there is an apparent conflict of interest between the defendant and her attorney). We, therefore, affirm the district court's decision to consider the 1979 conviction at sentencing.
 
 B. The Robbery Convictions
 
 13
 In a 1981 state court proceeding, Johnson pleaded guilty to two counts of armed robbery. No transcript exists for these pleas, but this does not render them invalid. United States v. Ferguson, 935 F.2d 862, 867 (7th Cir.1991), cert. denied, 112 S.Ct. 907 (1992). In fact, the convictions are presumed valid. Id.; United States v. Dickerson, 901 F.2d 579, 583 (7th Cir.1990). To overcome the presumption, Johnson may (1) present direct proof of impropriety or (2) point to flaws in state rules or in the practices of the court taking the plea. United States v. Polk, 908 F.2d 212, 215 (7th Cir.), cert. denied, 111 S.Ct. 534 (1990). Johnson fails to do this.
 
 
 14
 Johnson first discusses a transcript from another proceeding before the same judge. According to Johnson, this transcript illustrates improper procedures because the judge failed to mention the "right to plead not guilty." See Henry, 713 F.Supp. at 1187. Even if this is true, Johnson cannot claim constitutional error because he was involved in a change of plea hearing. Henry, 933 F.2d at 560. Johnson, who had already pled not guilty to the charges, was presumed cognizant of his right to persist in his plea. Id.
 
 
 15
 Johnson also alleges that the court did not inform him of his right to confront witnesses. To prove this, he presents his own affidavit, which claims that the court informed him only of the right to a jury. As discussed above, since Johnson's affidavit is self-serving, United States v. DeForest, 946 F.2d 523, 526 (7th Cir.1991), cert. denied, 112 S.Ct. 1235 (1992), it alone cannot provide grounds for reversal. Id.
 
 
 16
 Johnson, however, also presents a "half-sheet" and a "court sheet." These sheets contain handwritten notes documenting Johnson's plea proceeding. Neither uses complete sentences to describe the events, and neither purports to be a full explanation of the court's actions. The half-sheet states "Dfts warned & now signs jury waivers," and the court sheet says "jury waiver, D's admonished."
 
 
 17
 This language is insufficient to rebut the presumption of regularity in court proceedings. The statements are ambiguous; "Dfts warned" and "D's admonished" could mean that the defendants were informed of all their rights. Even disregarding the ambiguity, the sheets are cursory, and probably incomplete.
 
 
 18
 Also undermining Johnson's claim is his failure to appeal his plea in the state courts. Dickerson, 901 F.2d at 583. We presume the validity of pleas that are first challenged in an attempt to avoid 18 U.S.C. § 924(e)(1). Id. If Johnson wishes to overcome this presumption, he should provide evidence more convincing than his own affidavit and some ambiguous court notes.
 
 II. CONCLUSION
 
 19
 For the above reasons, we affirm the district court's decision to enhance Johnson's sentence.