9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andrew JORDAN, also known as Tyrone Patterson, also known as
Tyrone Connors, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2972.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1993.*
Decided Oct. 29, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied Feb. 2, 1994.
 
 Before POSNER, Chief Judge, and RIPPLE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Andrew Jordan was convicted of possession of a firearm by a felon in violation of 18 U.S.C. App. Sec. 1202(a)(1).[1] The court sentenced him as an "Armed Career Criminal" because he had three prior robbery convictions. 18 U.S.C. Sec. 1202(a) (15 year mandatory minimum). Jordan appealed his conviction, and we affirmed. United States v. Jordan, 870 F.2d 1310 (7th Cir.), cert. denied, 493 U.S. 831 (1989). Jordan's counsel then moved unsuccessfully for a sentence reduction based on Jordan's recovery from alcoholism and other personal circumstances. Fed.R.Crim.P. 35. Two years later, Jordan moved to reduce his sentence pursuant to 28 U.S.C. Sec. 2255, alleging that the 1970 conviction (No. 70-769) used to enhance his sentence was a juvenile adjudication. The district court denied the motion in a minute order, stating only "that the prior convictions were adult felony convictions and the issue was waived. No good cause has been shown to excuse the waiver." R. 80 On appeal, Jordan renews his claims that the use of the conviction was improper and that his counsel was ineffective in failing to investigate, object at sentencing or raise the issue on direct appeal. We affirm.
 
 
 2
 Jordan may assert the ineffective assistance of counsel for the first time on post-conviction review because Jordan's attorney on direct appeal was also his trial counsel. Velarde v. United States, 972 F.2d 826, 827 (7th Cir.1992) (citing United States v. Taglia, 922 F.2d 413, 418 (7th Cir.) ("trial counsel ... can hardly be expected to challenge on appeal his own ineffectiveness at trial"), cert. denied, 111 S.Ct. 2040 (1991)). However, the record shows that Jordan cannot satisfy the prejudice component of an ineffective assistance of counsel claim. Lockhart v. Fretwell, 113 S.Ct. 838, 841 (1993) (whether counsel's deficient performance renders the result of the proceeding fundamentally unfair); see also Strickland v. Washington, 466 U.S. 668, 687 (1984); Baker v. United States, No. 91-1746, slip op. at 5 (7th Cir. Oct. 15, 1993) (counsel is presumed effective so the petitioner bears a heavy burden of proof) (citing United States v. Booker, 981 F.2d 289, 292 (7th Cir.1992)).
 
 
 3
 The sentencing transcript from May 31, 1988 indicates that certified copies of the three convictions were submitted as proof, although these copies are not part of the record on appeal. Sent.Tr. p. 300. In response to Jordan's Sec. 2255 motion, the government submitted a "Certified Statement of Conviction" for case number 70-769. The certification is dated November 21, 1985, and states in pertinent part:
 
 
 4
 that the records of the Circuit Court of Cook County show that:
 
 
 5
 * * *
 
 
 6
 The defendant, after having been fully advised of his rights, and while represented by counsel, withdrew his plea of not guilty and entered a plea of guilty to Robbery on 6-16-70.
 
 
 7
 4. on 776-16-70 [sic] judgment was entered on the conviction and the defendant was sentenced by the Honorable John Hechinger to Probation for two (2) years. On 7-11-72 Defendant was sentenced to the Illinois Department of Corrections for a term of not less than three (3) years, nor more than nine (9) years, for Violation of Probation. Concurrent with 72-795 & 72-854, 72-855.
 
 
 8
 This document is sufficient to establish the conviction. See, e.g., United States v. Polk, 908 F.2d 212, 214 (7th Cir.), cert denied, 498 U.S. 991 (1990). Jordan's unsupported statements--that the certification is a "reconstruction", and that the certification establishes a "phantom" conviction--do not undermine the validity of the certification. Moreover, under the laws of the State of Illinois at the time Jordan committed his robbery offense in 1970, seventeen year old males were presumptively adults for purposes of felony offenses. See Ill.Rev.Stat. Ch. 37 paragraphs 702-2 and 702-7.
 
 
 9
 Jordan submitted an affidavit to the district court declaring that he did not plead guilty to the 1970 robbery; instead, he claimed that he received 90 days in the House of Correction Youth Unit pursuant to a juvenile adjudication. He also suggests that there exist witnesses and other records to support his claim, but he does not identify them. With this largely self-serving affidavit, Jordan has failed to undercut the government's proof or to establish that a juvenile adjudication was used to enhance his sentence. Cf. United States v. Henry, 933 F.2d 553, 559 (7th Cir.1991), cert. denied, 112 S.Ct. 1703 (1992) (burden on defendant to show a conviction used to enhance was unconstitutional); United States v. Gallman, 907 F.2d 639, 643 (7th Cir.1990), cert. denied, 499 U.S. 908 (1991) (same). Thus, we conclude that Jordan suffered no prejudice and that the sentencing proceeding was fundamentally fair.
 
 
 10
 Jordan challenges the sufficiency of the order denying the motion and the dismissal of his motion without an evidentiary hearing. A Sec. 2255 motion may be dismissed in a summary fashion if the record conclusively demonstrates that the petitioner is not entitled to relief. Barker v. United States, No. 91-1746, slip op. at 6, n. 3 (7th Cir. Oct. 15, 1993). No hearing is necessary if the allegations " 'are mere conclusions or are inherently unreliable.' " United States v. Trussel, 961 F.2d 685, 689 (7th Cir.1992) (quoting United States v. Fountain, 777 F.2d 351, 358 (7th Cir.1985), cert. denied, 475 U.S. 1029 (1986)). As the preceding discussion establishes, our review of the record indicates that no evidentiary hearing was needed and the district court appropriately determined that Jordan was not entitled to relief.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. Rule 34(a); Cir.R. 34(f). Appellant has included a statement in his reply brief that oral argument is unnecessary. The appeal is being decided on the briefs and record
 
 
 [1]
 This statute was repealed, effective after the time of Jordan's offense. The substantive crime is incorporated into 18 U.S.C. Sec. 922 while the enhancement provision is incorporated into Sec. 924. United States v. Jordan, 870 F.2d 1310, 1314 n. 1 (7th Cir.1989)
 
 
 [2]
 In its brief on appeal, the government mischaracterized some of the issues raised or decided in Jordan's direct criminal appeal. 870 F.2d 1310. Jordan did not challenge the convictions used to enhance his sentence, but rather, argued that the enhancement violated the ex post facto clause. Similarly, he contested the admissibility of his 1986 guilty plea. We caution the government to use more care in assuring the accuracy of its arguments to this court