**OPINION ON REHEARING**

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

NORFOLK SHIPBUILDING & DRYDOCK
CORPORATION,

*Petitioner,*

v.

TERRY CAMPBELL; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

*Respondents.*

No. 02-1701

On Petition for Review of an Order of the
Benefits Review Board.
(No. 94-822)

Submitted: February 26, 2003

Decided: March 11, 2003

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Gerard W. Voyer, Christopher J. Wiemken, TAYLOR & WALKER,
P.C., Norfolk, Virginia, for Petitioner. Robert J. Macbeth, Jr., RUT-
TER, WALSH, MILLS & RUTTER, L.L.P., Norfolk, Virginia, for
Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Norfolk Shipbuilding and Drydock Corporation ("Norshipco") petitioned for review of various orders of the Department of Labor's Benefits Review Board ("BRB"). This court dismissed the appeal as interlocutory, pursuant to *Elliot Coal Mining Co. v. Director, OWCP*, 956 F.2d 448 (3d Cir. 1992). Norshipco now petitions for panel rehearing or rehearing *en banc*, arguing that its timely filed docketing statement and formal brief should be considered the functional equivalents of a petition for review. We grant the petition for panel rehearing and, upon a review of the merits, affirm the award of benefits to Terry Campbell, finding no error in the BRB's reasoning.[1]

After Campbell injured his head, neck, and back while working for Norshipco in 1987, he continued to work, receiving differing amounts of disability compensation from May 1987 to January 1993. Norshipco terminated his employment in 1993 for excessive absenteeism. Campbell then filed a claim for temporary total disability under the Longshore and Harbor Workers' Compensation Act ("LHWCA").

After a hearing in 1994, the Administrative Law Judge ("ALJ") found that (1) Campbell was not fired in retaliation for filing a disability claim, (2) suitable alternate employment existed despite Campbell's limitations, and (3) Campbell was fired from the suitable alternate employment for willful misconduct. In 1995, Campbell filed a request for modification alleging a change in condition and a mistake in fact regarding his ability to perform the alternate employment offered by Norshipco. He sought an award of permanent total disability benefits.

---

[1]Because we grant panel rehearing, we deny the petition for rehearing *en banc* as moot.

After a second hearing in 1996, the ALJ denied Campbell's motion, finding that there had been no change in condition and no mistake in fact. Campbell appealed, and on June 17, 1998, the BRB affirmed the ALJ's determination that there had been no change in condition. However, the Board remanded for further consideration of Campbell's ability to perform the light-duty work offered by Norshipco.

In 1999, the ALJ ruled that the light-duty work offered by Norshipco was outside Campbell's restrictions and was, therefore, not suitable alternate employment. Thus, the ALJ awarded permanent partial disability benefits. Following this order came several years of further litigation, including two appeals to the BRB on which Norshipco was successful. The ALJ entered his final order, awarding limited benefits to Campbell on April 26, 2002. Norshipco then filed a notice of appeal to the BRB, seeking a final order so that it could file a petition for review with this court of the BRB's June 17, 1998 decision. The BRB affirmed the ALJ's April 26, 2002 order and affirmed its prior orders in a final decision filed July 2, 2002. Norshipco timely filed for review in this court.[2]

Norshipco first argues that the ALJ erred in considering Campbell's modification motion, since it was based on a legal, rather than a factual, contention. Norshipco further contends that the BRB erred in reviewing the ALJ's decision on the merits rather than merely determining that the ALJ had exceeded its jurisdiction in reconsidering a legal issue.

Section 22 of the LHWCA provides that a compensation decision may be modified, within certain time constraints, based on a change of condition or a mistake of fact. 33 U.S.C. § 922 (2000). This modification procedure is extraordinarily broad, especially insofar as it permits the correction of mistaken factual findings. *Betty B Coal Co. v. Director, OWCP*, 194 F.3d 491, 497 (4th Cir. 1999). Any mistake of fact may be corrected whenever justice requires, whether based on

---

[2]We construe Norshipco's docketing statement and brief, filed within sixty days after the BRB's final decision, as a timely petition for review. *Cf. Hartsell v. Duplex Products, Inc.*, 123 F.3d 766, 771 (4th Cir. 1997).

wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted. *Id.*

Campbell moved for modification based on an allegedly mistaken finding as to the extent of his disability. His claim was based on medical reports which were already in the record, as well as medical reports created after the ALJ's initial decision. This claim of mistake is clearly of a factual nature—there was disagreement as to the interpretation of the medical evidence. Thus, it was properly raised and reviewed on appeal in a Section 22 proceeding.

Norshipco next contends that the BRB's decision vacating the ALJ's order denying the motion for modification improperly reweighed the evidence rather than giving proper deference to the ALJ's findings. *See Director, OWCP v. Quarto Mining Co.*, 901 F.2d 532, 536 (6th Cir. 1990) (noting that BRB reviews ALJ's decision to determine whether it is supported by substantial evidence and consistent with applicable law). In denying modification, the ALJ determined that Dr. Suter, Campbell's treating physician, gave inconsistent testimony. According to the ALJ, on the one hand, Dr. Suter suggested at times that Campbell was capable of working light duty, part time work and, at other times, Dr. Suter concluded that Campbell was totally disabled. In addition, Dr. Suter stated that Campbell's condition had not changed since Dr. Suter began treating him. Based on these findings, the ALJ concluded that Campbell was only partially disabled and that he was capable of performing the light duty, part-time work offered by Norshipco.

On appeal, the BRB held that the ALJ erred in finding that Dr. Suter's opinion was inconsistent. Instead, the BRB found that Dr. Suter's changing opinions reflected the progression of Campbell's condition.[3] The BRB also found that the ALJ failed to consider Dr. Dvo-

---

[3]While Dr. Suter originally determined that Campbell was able to work in a part time, light duty position, Campbell reported that the necessity of pain medication and its effects made regular work more difficult than Dr. Suter thought. Thus, Dr. Suter came to the conclusion that, although Campbell could conceivably work on certain days, his condition and medication rendered regular employment untenable. Thus, Dr. Suter's opinion was not inconsistent—Campbell's condition had not changed, rather Dr. Suter revised his opinion based on Campbell's unsatisfactory attempts to continue to work.

rak's opinion, which was supportive of Dr. Suter's conclusions regarding the extent of Campbell's disability.

We hold that the BRB properly vacated the ALJ's decision because the ALJ failed to consider all the evidence of record and because the ALJ's determination that Dr. Suter's opinion was contradictory was not supported by substantial evidence. Contrary to Norshipco's assertions, the BRB did not reweigh the evidence or substitute its view of the facts for the view of the ALJ. Instead, the BRB remanded to the ALJ for him, after consideration of the totality of the evidence, to ultimately determine whether there was a mistake in fact in his original opinion. The only thing required by the BRB was that the ALJ consider all the evidence, including Dr. Suter's 1996 deposition testimony (rather than simply dismissing it as inconsistent) and the opinion of Dr. Dvorak. As such, the BRB properly reviewed the ALJ's decision.

Norshipco next contends that the BRB improperly made findings regarding the availability of suitable alternate employment in its 1998 review of the ALJ's denial of Section 22 modification. However, a review of the BRB's decision shows that Norshipco is incorrect. The BRB reviewed the ALJ's initial 1994 decision—outlining Campbell's restrictions and the requirements of his post-injury job. However, the BRB made no findings of error in this regard, nor was this order before the BRB for review. Instead, the BRB, as discussed above, found that the ALJ had not considered the full range of medical evidence in the record on Campbell's motion for modification, and thus, the BRB remanded for a determination of whether, considering all the medical evidence, Campbell could perform the light-duty position offered by Norshipco. Since the BRB made no factual or legal findings regarding the suitability of the alternate employment, it did not exceed its authority in reviewing the ALJ's determination.

Finally, Norshipco contends that Campbell's brief on his appeal to the BRB from the denial of his motion for modification was untimely filed and should have been disregarded. However, Campbell filed a motion to enlarge time, which was granted. Such an extension of time is within the BRB's discretion. 20 C.F.R. § 802.217(a) (2000). Norshipco offers no reason to believe that the BRB abused its discretion.

Based on the foregoing, we affirm the award of benefits to Campbell. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*