UNITED STATES of America,
Plaintiff–Appellee,

v.

Tim R. DeFOREST, Defendant–
Appellant.

No. 90–3755.

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 6, 1991.

Decided Oct. 17, 1991.

Richard H. Lloyd, Asst. U.S. Atty. (argued), Crim. Div., East St. Louis, Ill., for plaintiff-appellee.

Renee E. Schooley, Federal Public Defender (argued), East St. Louis, Ill., for defendant-appellant.

Before CUDAHY and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

MANION, Circuit Judge.

Tim DeForest pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and was sentenced to twenty years in prison. On appeal he contests the enhancement of his sentence under 18 U.S.C. § 924(e). We affirm.

### I.

A grand jury brought an indictment against DeForest charging him with one count of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). DeForest pleaded guilty to the charge, and the Government sought to enhance his sentence on the basis of five prior convictions. *See* 18 U.S.C. § 924(e). These convictions were: (1) a March 14, 1967 conviction in the Circuit Court of the City of St. Louis, Missouri for second degree burglary; (2) a January 31, 1969 conviction in the Circuit Court of St. Louis County, Missouri for second degree burglary; (3) an October 28, 1969 conviction in the Circuit Court of Butler County, Missouri for second degree burglary; (4) a December 9, 1974 conviction in the Circuit Court of the City of St. Louis, Missouri for stealing; and (5) a May 1, 1980 conviction in the Circuit Court of the City of St. Louis, Missouri for second degree burglary. DeForest opposed the enhancement on the ground that the guilty pleas underlying the first three convictions were made involuntarily and therefore the convictions were invalid.

The Government conceded that the December 9, 1974 conviction was not a violent felony and therefore did not count in enhancing the sentence. DeForest conceded the validity of the May 1, 1980 conviction.

He thus needed to show that at least two of the remaining three convictions were invalid to avoid the enhanced sentence.

The district court held an evidentiary hearing to determine the voluntariness of DeForest's pleas. With respect to the first conviction on March 14, 1967, there was no transcript of the guilty plea proceeding. The evidence consisted of a certified copy of the judgment and commitment order, the testimony of DeForest, and the testimony of the attorney who represented him on the charge, Julian Cosentino. Cosentino testified that in 1967, he worked in the St. Louis public defender's office. During that year, he represented DeForest on a charge of second degree burglary before a judge named Franklin Reagan. While Cosentino had no independent recollection of either DeForest or this particular guilty plea, he did remember that the judges usually relied on the attorneys to advise the defendants of their constitutional rights in pleading guilty. The practice of the public defender's office in dealing with defendants who wanted to plead guilty was to review with them the facts of their case, its strengths and weaknesses, the possible penalties involved, and the best course of action. Cosentino's own practice was to advise defendants of their rights to a jury trial, to testify in their own behalf and to confront their accusers, and to discuss with them the merits of their case and the sentencing possibilities.

In opposition to this testimony, DeForest claimed that Cosentino told him that one of his fingerprints was found at the scene of the crime, and advised him that there was a 95% chance of receiving probation because he had no prior convictions. In view of this advice, DeForest told Cosentino he wanted to plead guilty. When he entered his plea, neither Cosentino nor the judge informed him of his constitutional rights.

With respect to the second conviction on January 31, 1969, the evidence consisted of a certified copy of the judgment and commitment order and a transcript of the guilty plea proceeding. DeForest testified that he initially went to trial before a jury

on the burglary charge and was found guilty. Prior to his sentencing on the charge, his attorney moved for a new trial based on irregularities in the jury instructions. After filing the motion, his attorney told him the judge would grant a new trial if he agreed to plead guilty and take a four-year sentence. DeForest refused the offer, but the attorney made another offer of a three-year sentence and a threat that if he did not take this offer the judge would deny the new trial motion and give him ten years. The attorney also told him he had to come up with more money if he wanted an appeal. According to DeForest, he ultimately entered a plea of guilty in return for a three-year sentence. He testified that he pleaded guilty out of fear of receiving a ten-year sentence and because he had no money to pay for an appeal.

With respect to the third conviction on October 28, 1969, the evidence consisted of a certified copy of the judgment and commitment order and a transcript of the guilty plea proceeding. DeForest testified that no one advised him of his constitutional rights when he pleaded guilty.

After considering the evidence and arguments of counsel, the district court concluded that DeForest's guilty pleas underlying the convictions of March 14, 1967, January 31, 1969, and October 28, 1969, were made voluntarily. The court used these convictions to enhance DeForest's sentence. This appeal followed.

## II.

■ Section 924(e) mandates an enhanced sentence of not less than 15 years for a defendant who has three prior convictions. 18 U.S.C. § 924(e); *see United States v. Hayes*, 919 F.2d 1262, 1265 (7th Cir.1990). For the conviction to count for enhancement purposes, it must have been constitutionally obtained. *United States v. Henry*, 933 F.2d 553, 559 (7th Cir.1991) (citing *United States v. Gallman*, 907 F.2d 639, 642 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991)). A conviction pursuant to a guilty

plea that is not given voluntarily and intelligently is not constitutionally obtained. *Gallman*, 907 F.2d at 642.

■ The standard for determining the constitutionality of a guilty plea is the one that was in use at the time of its entry. *Id.* For pleas entered before June 2, 1969, the date the Supreme Court decided *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the standard is that "the defendant must enter his guilty plea voluntarily and 'with full understanding of the nature of the charges made in the indictment, his available defenses and the nature and consequences of such plea.'" *Gallman*, 907 F.2d at 642 n. 3 (quoting *United States v. Hetherington*, 279 F.2d 792, 795 (7th Cir.), *cert. denied*, 364 U.S. 908, 81 S.Ct. 271, 5 L.Ed.2d 224 (1960), and *United States v. Marcus*, 213 F.2d 230, 232 (7th Cir.), *cert. denied*, 348 U.S. 824, 75 S.Ct. 39, 99 L.Ed. 650 (1954)). For pleas entered after June 2, 1969, *Boykin* sets the standard. *See United States v. Dickerson*, 901 F.2d 579, 582 (7th Cir.1990); *Gallman*, 907 F.2d at 642 & 642 n. 3. Under *Boykin* the defendant must plead guilty voluntarily and with knowledge that in doing so he waives his privilege against self-incrimination, his right to a jury trial, and his right to confront his accusers. *Boykin*, 395 U.S. at 242–43, 89 S.Ct. at 1711–12; *United States v. Ferguson*, 935 F.2d 862, 866 (7th Cir.1991); *Henry*, 933 F.2d at 559. Moreover, a waiver of these rights is not presumed from a silent record. *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712; *Ferguson*, 935 F.2d at 866; *Henry*, 933 F.2d at 559. The transcript of the guilty plea proceeding must affirmatively disclose the voluntary and knowing nature of the plea. *Boykin*, 395 U.S. at 242, 89 S.Ct. at 1712; *Henry*, 933 F.2d at 559. In the absence of a transcript, the testimony of the defendant's attorney as to his and the trial court's custom and practice with respect to guilty pleas is sufficient to demonstrate compliance with constitutional standards. *Dickerson*, 901 F.2d at 583; *United States v. Polk*, 908 F.2d 212, 214 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 534, 112 L.Ed.2d 544

(1990). If the defendant's "intelligent awareness" can be reasonably inferred from this evidence, then the plea passes muster. *Gallman,* 907 F.2d at 644; *see Henry,* 933 F.2d at 559.

### III.

As noted above, DeForest conceded the validity of the May 1, 1980 conviction, so the burden was on him to show that at least two of the other three convictions were invalid. *Henry,* 933 F.2d at 559 (citing *Gallman,* 907 F.2d at 643). Unfortunately for DeForest, he failed to carry this burden.

■ We have no difficulty in concluding that the March 14, 1967 conviction was valid. The testimony of DeForest's attorney, Cosentino, served to establish the practice of the St. Louis Circuit Court in accepting guilty pleas. From this testimony, it could be "reasonably inferred" that DeForest was aware of his constitutional rights when he made his plea. *See Gallman,* 907 F.2d at 644. DeForest offered no evidence, other than his own self-serving testimony, to prove that his plea violated pre-*Boykin* standards. The district court found that DeForest's testimony was incredible, and we defer to its finding. *See United States v. Haddon,* 927 F.2d 942, 945 (7th Cir.1991).

We reject DeForest's argument that the district court erred in applying *Gallman* instead of *Dickerson* in upholding his plea. While it is true that *Dickerson* involved a guilty plea entered in an untranscribed proceeding whereas *Gallman* did not, the cases still stand for the same thing, that a court may look beyond the transcript to custom and practice for evidence of the voluntariness of a guilty plea. *See Dickerson,* 901 F.2d at 583; *Gallman,* 907 F.2d at 644.

■ We also have no difficulty in concluding that the January 31, 1969 conviction was valid. The judge questioned DeForest about his prior burglary convictions, his educational background, his mental state leading up to the guilty plea proceeding, his understanding of the maximum sentence he could receive and the facts surrounding the burglary charge. We believe that this questioning was sufficient to comply with the general language of *Boykin,* despite the judge's failure to give the constitutionally required warnings. *See United States v. Colston,* 936 F.2d 312, 318 (7th Cir.1991) (quoting *Henry,* 933 F.2d at 559). The questioning established a factual basis from which it could be "reasonably inferred" that DeForest's plea was both voluntary and knowing. *See Gallman,* 907 F.2d at 644. The voluntariness of the plea was even more apparent in view of the fact that DeForest's prior convictions gave him some familiarity with the criminal justice system, and his change of plea after a trial and conviction showed an awareness of the right to plead not guilty. *See Henry,* 933 F.2d at 560.

DeForest was not coerced into pleading guilty on January 31, 1969. When he entered his plea, DeForest testified under oath that he was satisfied with his attorney's representation and that no one had coerced him to plead guilty. Apart from this testimony, DeForest produced no evidence, not even the attorney who represented him at the hearing, to substantiate his version of the events leading up to the plea. *See United States v. Boyer,* 931 F.2d 1201, 1205 (7th Cir.1991) *cert. denied,* —— U.S. ——, 112 S.Ct. 209, 116 L.Ed.2d 167; *Gallman,* 907 F.2d at 644 n. 6. Also, he never filed a direct appeal or a post-conviction motion to void the plea. *See Boyer,* 931 F.2d at 1205; *Gallman,* 907 F.2d at 644 n. 6. In fact, he raised the validity of his conviction for the first time in this case. *See Boyer,* 931 F.2d at 1205; *Gallman,* 907 F.2d at 644 n. 6. Even now, he does not contend that the conviction is invalid itself, only that it is invalid for the purpose of enhancing his present sentence. *See Boyer,* 931 F.2d at 1205. In these circumstances, his claim of coercion is disingenuous at best.

We do have some difficulty with the October 28, 1969 conviction, however,

because the judge never advised DeForest of any of his rights as required by *Boykin,* the new standard at the time. Instead, the judge merely asked DeForest about his past criminal record and his educational background, and asked if he understood the charges against him. We note the fact that DeForest had been through a sentencing procedure only nine months earlier with the same judge.[1] After the prosecution recited the facts of the crime, the judge asked DeForest if he agreed with the recitation and Deforest responded that he did. The judge then accepted his plea without further advising him of his rights. On the basis of this colloquy, it could be questionable whether DeForest knowingly waived his constitutional rights. Nevertheless, we need not resolve the question, for even if we exclude this conviction from the equation, there remain three valid convictions to support the enhanced sentence that DeForest received.

For the foregoing reasons, DeForest's sentence is

AFFIRMED.

1. DeForest's attorney at oral argument did not know how he committed the crime involved in the October conviction when he presumably should have been incarcerated on the January conviction.