**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Linda Sue BAKER, Defendant–Appellant.**

**No. 91–1540.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 18, 1992.

Decided June 17, 1992.

**514**

Brenda Atkinson, (argued), Office of U.S. Atty., Criminal Div., Barry R. Elden, Asst. U.S. Attys., Office of U.S. Atty., Criminal Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Terry L. Deck, Rockford, Ill. (argued), for defendant-appellant.

Before POSNER and KANNE, Circuit Judges, and VAN SICKLE, Senior District Judge.*

VAN SICKLE, Senior District Judge.

In July, 1990, the defendant-appellant, Linda Sue Baker, and her co-defendant, Blas P. Serranno, Jr., participated in a cocaine sale to a Drug Enforcement Administration special agent. Both were arrested, charged with one count of conspiring to distribute cocaine and two counts of possession with intent to distribute. 21 U.S.C. §§ 846 and 841(a)(1). Serranno fled, but Baker honored her bond and agreed to plead guilty to count one (conspiracy) and to cooperate if called upon to do so by the government in any investigation related to or resulting from the charges in her own prosecution; and to provide truthful information to government investigators and truthful testimony if called upon to testify in any federal grand jury or district court proceeding. The government agreed to disclose any mitigating factors at her sentencing, and to recommend the statutory minimum sentence of 60 months to the district court at the time of sentencing.

Appellant entered her guilty plea November 21, 1990, and counts two and three were dismissed. The probation office prepared and filed a presentence report which incorporated the government's official version of the offense. At the sentencing hearing the appellant requested a downward departure from the sentencing guidelines. She based her request on; 1) her post arrest statement admitting her participation in the conspiracy, 2) her remarkable progress in a drug rehabilitation program, and, 3) her plea agreement promise to cooperate when called upon to do so. Appellant based her motion on Guidelines §§ 5K1.1 and 5K2.0.

On February 21, 1991 the District Court[1] stated that he personally thought that a departure was appropriate, but that, absent a government motion for departure, he did not have the authority to depart from the sentencing guidelines, and sentenced her to sixty months imprisonment.

The issues are:

1) Whether the district court may depart below the statutory minimum sentence absent a motion by the government. (18 U.S.C. § 3553(e) and Guideline § 5K1.1)

2) Whether the district court may depart below the statutory minimum, basing its departure on the defendant's positive performance in a drug rehabilitation program. (18 U.S.C. § 3553(b), Guideline § 5K2.0)

The critical statutes and guidelines are:

18 U.S.C. § 3553. **Imposition of a sentence**

* Hon. Bruce M. Van Sickle of the District of North Dakota, sitting by designation.

1. The Honorable Stanley J. Roszkowski, United States District Judge for the Northern District of Illinois.

(b) **Application of guidelines in imposing a sentence.**—The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission.

(e) **Limited authority to impose a sentence below a statutory minimum.**—Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

And the sentencing guidelines provide:

§ 5K1.1 *Substantial Assistance to Authorities* (Policy Statement)

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

§ 5K2.0 *Grounds for Departure* (Policy Statement)

Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

## DISCUSSION

In an effort to reduce disparity in sentencing Congress passed the Sentencing Reform Act of 1984. Pub.L. No. 98–473, 98 Stat. 1987. The method of the attack on the problem is to utilize Sentencing Guidelines developed by the Sentencing Commission. The philosophy of the guidelines is to tailor the punishment to fit the crime, not the criminal, with rehabilitative factors to be considered only after the sentence is imposed. This philosophy is reflected in the following language of the statute which creates the Sentencing Commission:

28 U.S.C. § 994 **Duties of the Commission**

. . . . .

(e) The Commission shall assure that the guidelines and policy statements, in recommending a term of imprisonment or length of a term of imprisonment, reflect the general inappropriateness of considering the education, vocational skills, employment record, family ties and responsibilities, and community ties of the defendant.

. . . . .

(k) The Commission shall insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment.

However, Congress did insert a special provision in its mandate to the Sentencing Commission. This provision required the commission to assure that the sentencing judge could reduce a sentence below a statutory minimum. Congress directed that:

The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investiga-

tion or prosecution of another person who has committed an offense.

28 U.S.C. § 994(n).

 So the language of § 5K1.1 is drafted in obedience to 28 U.S.C. § 994(n) and 18 U.S.C. § 3553(e), "Limited Authority to Impose a Sentence Below A Statutory Minimum." This Circuit has held that "the guidelines unambiguously require that the government file a motion in order to trigger § 5K1.1. There are no exceptions to the motion requirement." *United States v. Brick,* 905 F.2d 1092, 1098–99 (7th Cir. 1990).

Further, as pointed out in *Brick,* the motion requirement cannot be met under any theory of "implied" or "implicit" motion under § 3553(e) or § 5K1.1. *United States v. Coleman,* 895 F.2d 501 (8th Cir. 1990) (cited in *Brick*).

 Even were that permissible, we would not find an "implied" or an "implicit" motion from the agreement to recommend a departure from the minimum sentence upon the receipt of assistance in developing a case against other defendants when, as here, that assistance could not be utilized by the time the defendant was sentenced. If the offer to assist was tantamount to assistance, then a defendant could make the offer, not in good faith, and still benefit from it. For example, a defendant in custody could make the bargain to assist, then hide his or her knowledge of the location of an absconding defendant, and still benefit from the bargain.

 Finally the defendant asserts that pursuant to 18 U.S.C. § 3553(b), and its Guideline counterpart, § 5K2.0, the District Court should have departed downward from the mandatory minimum sentence because of her substantial progress in a drug rehabilitation program. This, the defense claims, is a mitigating circumstance which is of a kind or to a degree such that it was not adequately taken into account by the Sentencing Commission when formulating the guidelines. The mandate to the commission, 28 U.S.C. § 994(n), directed the commission to "assure that the guidelines reflect the inappropriateness of imposing a

sentence for the purpose of rehabilitating ... or providing the defendant with needed ... correctional treatment." And Guidelines Chapter 5H, *Specific Offender Characteristics,* subsection 1.4, provides that drug dependence or abuse is not a reason for imposing a sentence below the guidelines. As stated in *United States v. Alvarez–Cardenas,* 902 F.2d 734, 737 (9th Cir. 1990), "[a] defendant's crime is no less serious", in this case because she elected to use her confinement to engage in a drug rehabilitation program.

AFFIRMED.