UNITED STATES of America, Plaintiff,

v.

Wilbart McCOY, Jr., Defendant.

File No. 1:91:CR:164.

United States District Court,
W.D. Michigan.

Aug. 21, 1992.

Helen C. Nieuwenhuis, Nieuwenhuis & Shadowens, Grand Rapids, Mich., for defendant.

Patricia Uetz, Asst. U.S. Atty. and John A. Smietanka, U.S. Atty., Grand Rapids, Mich., for the U.S.

## OPINION

ENSLEN, District Judge.

On March 2, 1992, defendant Wilbart McCoy, Jr. entered a guilty plea to count two of a two-count indictment. Defendant pled guilty to Possession of a Firearm During a Drug Trafficking crime, 18 U.S.C. § 924(c)(1). At the plea proceeding, defendant admitted that he knowingly possessed a handgun (a R.G. Industries, model RG31, .38 special handgun, serial number Q182749) at the same time he possessed cocaine. He admitted that on the day of his arrest, while possessing the gun, he had distributed some of the cocaine. He also stated that he "definitely" intended to distribute the remainder at a later date.

Section 2K2.2(a) of the Guidelines provides that the term of imprisonment for a violation of 18 U.S.C. § 924(c) is that required by statute. Section 924(c)(1) imposes a mandatory sentence of five years imprisonment. At the sentencing hearing on May 20, 1992, I balked at sentencing defendant to the five-year mandatory sentence because of my determination that defendant is fully rehabilitated. The evidence shows that defendant has successfully engaged in drug treatment, has maintained gainful employment, and has spoken to groups of school children regarding the hazards of drug use. Accordingly, I asked the parties to brief the issue of whether there was any basis by which the Court could avoid the imposition of the five-year mandatory sentence.

On July 22, 1992, I granted defense counsel's motion to brief the issue of a sentence departure based upon substantial assistance and reset the matter for today.

### Substantial Assistance

18 U.S.C. § 3553(e) and section 5K1.1 of the Guidelines both allow for a downward departure of a sentence on motion of the government where defendant has been of substantial assistance to a government investigation or prosecution. Although the evidence shows that defendant has fully cooperated with the government, there is

no evidence that defendant has been of substantial assistance.

■ In Section 3553(e), Congress specifically circumscribed the sentencing court's authority to impose a sentence below that mandated by statute. Section 3553 applies generally to the imposition of a sentence and subsection (e) is entitled "Limited authority to impose a sentence below a statutory minimum." Subsection (e) provides in relevant part: "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). In the absence of a motion by the government, departure under Section 3553(e) is proper in only very narrow circumstances. In the recent case of *Wade v. United States*, ___ U.S. ___, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the United States Supreme Court held that a prosecutor's decision not to move for a departure based on substantial assistance must be upheld unless: 1) the evidence shows that the prosecutor had an unconstitutional motive, such as racial or religious discrimination, *id.* ___ U.S. at ___, 112 S.Ct. at 1843, 118 L.Ed.2d at 531; or 2) the prosecutor's "refusal to move was not rationally related to any legitimate Government end," *id.* In order to demonstrate that the prosecutor's decision was arbitrary, defendant must show more than mere assistance by defendant. *Id.* ___ U.S. at ___, 112 S.Ct. at 532. Even if defendant had promised to provide substantial assistance should the government request it in the future, the decision not to make a motion is proper and no implied motion can be found. *U.S. v. Baker*, 965 F.2d 513, 515 (7th Cir.1992).

Defendant here argues that his cooperation with the government has substantially assisted the government. In support of this, defendant points out that he has cooperated fully with the prosecutor in his own case. Further, he suggests that he gave general information to the Benton Harbor police concerning areas where drugs are often sold.

■ The prosecutor does not deny that defendant has cooperated fully in his own case. The prosecutor argues, correctly, that this fact alone does not rise to the level of substantial assistance under Section 3553(e). Substantial assistance occurs when a defendant aids or assists "in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). Note 2 of Section 5K1.1 of the Guidelines further clarifies this point: "Substantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant ..."

Finally, while all parties agree that the defendant "cooperated to the best of his ability" in attempting to direct the Benton Harbor police to areas where drugs were being sold, this does not rise to the level of "substantial" under Section 3553(e). Defendant does not argue that he assisted the government by providing specific information which led to the arrest and prosecution of any specific individuals. Defendant only informed the Benton Harbor Police of areas where he thought some drug trading was occurring. Unfortunately, this is not enough under Section 3553(e) to qualify for substantial assistance.

■ Even assuming that defendant's actions here constituted substantial assistance under Section 3553(e), under *Wade* he must show that the prosecutor had an unconstitutional motive for not filing a motion or that the prosecutor's decision was made in bad faith, without any reasonable relationship to legitimate government goals. Defendant argues that because he was originally charged in state court, and that he was later charged in Federal Court for the same criminal acts, that this is evidence of "bad faith" and/or an arbitrary decision regarding the Government's refusal to file a substantial assistance motion. It is well established, however, that the decision whether to prosecute in state or federal court is within prosecutorial discretion. *U.S. v. Vilchez*, 967 F.2d 1351, 1356 (9th Cir.1992) (citing *U.S. v. Andersen*, 940 F.2d

593, 596–97 (10th Cir.1991); *U.S. v. Turpin*, 920 F.2d 1377, 1388 (8th Cir.1990), *cert. denied sub nom. William v. U.S.*, — U.S. ——, 111 S.Ct. 1428, 113 L.Ed.2d 480 (1991)). Further, the fact that state authorities referred Defendant's case for federal prosecution because of increased penalties afforded under federal law does not violate the defendant's due process or equal protection rights. *United States v. Allen*, 954 F.2d 1160, 1165–66 (6th Cir. 1992).

■ The defendant also suggests that the government's decision to prosecute him under federal rather than state law may have been racially motivated. However, defendant does not argue any facts in his brief to support this allegation. Defendant states that the prosecutor has failed to prove that this decision was made without racial considerations. Under *Wade*, however, the defendant bears the burden of making a threshold showing of improper motive on a part of the prosecutor. *Wade*, — U.S. at ——, 112 S.Ct. at 1843–44, 188 L.Ed. at 531–32. Here, defendant has not shown any specific facts to prove that the prosecutor was racially motivated. Thus, defendant has failed to show that the government acted pursuant to a constitutionally impermissible motive or acted in "bad faith" or not in rational relation to a legitimate government end.

In my opinion, this case typifies a problem with Section 3553(e). As substantial assistance presently stands, it creates an incentive for individuals to get involved in complex criminal schemes so that, if caught, they will have a great deal of opportunity to "substantially assist" the government. Unfortunately, this system awards individuals who are involved in complex criminal schemes or enterprises and severely punishes an individual who commits one offense. For instance, Section 3553(e) could certainly be used in determining the sentence of a drug kingpin because the kingpin would have a lot of information valuable to the government. As a result, the drug kingpin would likely receive a reduced sentence—essentially as a reward for his deep involvement in the drug trade.

On the other hand, where you have a small time street dealer, whose less pervasive involvement in the drug trade limits his ability to assist the government, Section 3553(e) will not apply. Because the small time dealer was not more involved in the drug trade, he is punished. While I certainly do not condone the activities of the small time dealer, it seems odd to me that the drug kingpin is rewarded while the small time dealer is punished.

### 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0

As an alternative argument, defendant urges me to depart from the mandatory sentence pursuant to 18 U.S.C. § 3553(b) and its Sentencing Guideline companion Section 5K2.0 (often referred to as the "catch-all clause"). In support of this argument, defendant argues that I should consider his talks with school children about the dangers of drugs as a mitigating factor entitling him to a reduction in his sentence.

■ Section 3553(b) provides in part that, "[if] the court finds [that] an aggravating or mitigating circumstance exists that was not taken into consideration by the Sentencing Commission in formulating the guidelines [the court may depart from the proscribed sentence]." 18 U.S.C. § 3553(b). Generally, this provision is narrowly applied and departures from the Guidelines should be rare. *United States v. Brewer*, 899 F.2d 503, 506 (6th Cir.1990). A sentencing court should not depart from the Guidelines when the Sentencing Commission has adequately taken into consideration the pertinent factors unless rare and exceptional circumstances warrant departure. *Id.*

■ Here, defendant argues that I should depart from the mandatory sentence because he is teaching school children about the evils of drugs. He is informing children that they should learn from his mistakes. Essentially, this is an argument that defendant has accepted responsibility for his bad act. In the Guidelines at § 3E1.1, the Sentencing Commission indicated that acceptance of responsibility is a factor in reducing a defendant's offense

level (and sentencing range). Thus, the Commission took this factor into consideration and any departure from a Guideline's sentence on the basis of acceptance of responsibility is rare. While I commend the defendant for his efforts in the public schools, I find that this fact does not allow me to depart under Section 3553(b).

Further, under a recent Tenth Circuit case, it appears that even if I did find that the defendant's actions rose to the level of rare and exceptional under Section 3553(b), I could not depart from the mandatory sentence imposed under 18 U.S.C. § 924(c)(1). *United States v. Mosley,* 965 F.2d 906 (10th Cir.1992). In *Mosley,* as here, the defendant was convicted under 18 U.S.C. § 924(c)(1). The Tenth Circuit held that Section 3553(b) was not applicable to a minimum sentence imposed by a statute, such as 18 U.S.C. § 924(c)(1), rather than the Guidelines. The court wrote:

> The Guidelines specifically provide that "the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" The statute under which [defendant] was sentenced [18 U.S.C. § 924(c)(1)] contains no such provision and we are aware of no authority for the proposition that a court can depart below a statutory minimum.

*Id.* at 916 (citations omitted).

The Sixth Circuit has not yet addressed this issue. Nonetheless, based on *Mosley* it appears that because this case involves a statutory minimum sentence, I do not have discretion under Section 3553(b) to depart.

### Discriminatory Prosecution—Violation of 5th and 14th Amendments

■ The Defendant's final argument is that he was the subject of selective prose-

cution because he was originally charged in state court, and that he was later charged in Federal Court for the same criminal acts. I have addressed this argument already. As I previously said, it is well established that the decision whether to prosecute in state or federal court is within prosecutorial discretion. *U.S. v. Vilchez,* 967 F.2d 1351, 1356 (9th Cir.1992) (citing *U.S. v. Andersen,* 940 F.2d 593, 596–97 (10th Cir. 1991); *U.S. v. Turpin,* 920 F.2d 1377, 1388 (8th Cir.1990), *cert. denied sub nom. William v. U.S.,* — U.S. —, 111 S.Ct. 1428, 113 L.Ed.2d 480 (1991)). Further, the fact that state authorities referred Defendant's case for federal prosecution because of increased penalties afforded under federal law does not violate the defendant's due process or equal protection rights. *United States v. Allen,* 954 F.2d 1160, 1165–66 (6th Cir.1992). I find that defendant has not made out a case for selective prosecution.

### Conclusion

Since the 1970's when rehabilitation was the primary goal of the punitive system, there has been increasing support for mandatory sentences to control crime and provide less disparate, more certain, and more punitive sentences. United States Sentencing Commission, *Special Report to Congress: Mandatory Minimum Penalties in the Federal Criminal Justice System,* 7 (August 1991) (*"Special Report"*). There are currently over 60 criminal statutes that contain mandatory minimum sentences, targeting, in particular, drug and violent crimes. *Id.* at 8 & 10.[1] In its *Special Report,* the Sentencing Commission studied the impact of the mandatory sentence provisions. It found significant evidence of disparate impact. First, apparently similar defendants are not consistently charged and prosecuted under the mandatory minimum statutes—factors such as race, circuit and prosecutorial practices play a part. *Id.* at 89. In particular, although whites are more likely to plead guilty, they are less likely to be convicted at the indicated statu-

---

1. Despite the fact that there are over 60 statutes with mandatory minimum sentences, the Commission found that only four statutes are used with any regularity. *Id.* at 89. The four statutes deal with drug or weapons offenses.

tory minimum. *Id.* at 82. The Commission found that downward departures are most frequently granted to Whites and least frequently to Hispanics. *Id.* Similar findings have been reported by the Federal Judicial Center in its publication by Barbara S. Meierhoefer, *The General Effect of Mandatory Minimum Prison Terms* 20–21 (1992). In fact, Meierhoefer reports an increase in sentence disparity according to race, despite the supposed "color blindness" of the mandatory sentencing statutes. *Id.* 23–24. This trend, Meierhoefer notes, may reflect the effect of shifting discretion from the court to the prosecutor. *Id.* at 25.

While there is no evidence of racial discrimination or other illegal prosecutorial conduct in this case, I raise these problems out of real concern for the impact of these mandatory sentence provisions on our criminal justice system in general. Indeed, all of us who make this work our vocation should be concerned—very concerned.

All the evidence in this particular case indicates that defendant has been rehabilitated. Do we reward such efforts by imposing a five year prison term for his conviction? I am not arguing that the crime was not a serious one, or that it is not a crime with broad detrimental consequences in our society. But is it more useful to punish this defendant by incarceration for five full years than it would be to imprison him for a lesser term and then release him to continue his efforts to counsel others against such destructive conduct? Should we not ask ourselves whether mandatory imprisonment is the most effective method to deter others from such criminal activity? Certainly, no one would diminish the constructive impact of rehabilitated offenders counselling young children about the dangers of criminal activity.

Despite the reported infirmities in mandatory sentencing, the mandatory sentence under 924(c), the law to which defendant has pled guilty, is the current law. I wish I could adequately justify to defendant the sentence Congress has mandated that I must impose against him. Given all the evidence that he has rehabilitated himself, I cannot. I can only assure him that the courts and other responsible members of the criminal justice system are cognizant of the unfairness created by these statutes and are working for change.