**STATE of Iowa, Plaintiff–Appellee,**

v.

**Donald Earl RYAN, Defendant–Appellant.**

**No. 91–1377.**

Court of Appeals of Iowa.

Sept. 29, 1992.

As Corrected Oct. 6, 1992.

Linda Del Gallo, State Appellate Defender, Elizabeth E. Quinlan, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., William E. Davis, County Atty., and Robert C. Bradfield, Asst. County Atty., for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Defendant-appellant Donald Earl Ryan was convicted of theft in the third degree in violation of Iowa Code section 714.2(3) (1991). Defendant was then found to be a habitual offender on the basis of three earlier convictions for theft in the fifth degree. Defendant has appealed challenging the finding he is an habitual offender. Defendant contends it was unconstitutional to enhance the current charge of theft in the third degree on the basis of the prior charges because his attorney entered the plea to the earlier charges, he was not in the court room when these pleas were entered, and there is no record to show he voluntarily and intelligently waived his constitutional rights. We affirm.

■ We review de novo. *See State v. Moe,* 379 N.W.2d 347, 350 (Iowa 1985); *see also United States v. McConney,* 728 F.2d 1195, 1204 (9th Cir.1984), *cert. denied* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46.

Defendant's sentence was enhanced with three convictions of theft in the fifth degree, a misdemeanor. Defendant's attorney entered his plea to these charges.

Iowa Rule of Criminal Procedure 10(3) and Iowa Rule of Criminal Procedure 25(1) plainly provide in cases other than felonies, the accused "May appear by counsel." *See generally* Iowa Code § 805.9 (ordinarily, if the accused signs a uniform citation and

pays a fine, no reason requires his presence in court); *see also* 3 *Wharton's Criminal Procedure* § 434 at 829–30 (1991) (statutes commonly provide the accused's presence not generally required for a misdemeanor proceeding).

■ The burden of proof is on the defendant to show the guilty pleas are not valid. *See State v. Draper,* 457 N.W.2d 606, 610 (Iowa 1990). Once the State has shown the defendant has the required number of prior convictions, the burden rests with the defendant to show a particular conviction is not constitutional. *See United States v. Henry,* 933 F.2d 553, 559 (7th Cir.1991); *United States v. Gallman,* 907 F.2d 639, 642 (7th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991).

■ The record shows defendant was represented by an attorney in each of the prior misdemeanor convictions; spoke with his attorney on a regular basis; was advised of his constitutional right to an attorney and against compelled self-incrimination at his initial appearance; entered pleas of not guilty to the charges; and, changed the pleas to ones of guilty. Defendant never challenged the misdemeanor convictions by moving in arrest of judgment or by filing an appeal. Defendant was familiar with the system. By his own admissions, he probably had been arrested twenty times. Even when defendant did challenge the convictions, he never alleged the pleas were not voluntary or resulted from threats or improper promises or that his attorney was not competent. The only allegation defendant makes is the pleas were not intelligently entered and he was not aware of his constitutional right to confrontation and against compelled self-incrimination when he entered the pleas.

■ For a conviction to count for enhancement purposes, it must have been constitutionally obtained. *United States v. DeForest,* 946 F.2d 523, 525 (7th Cir.1991); *Henry,* 933 F.2d at 559 (citing *Gallman,* 907 F.2d at 642). For a plea to meet a constitutional challenge, defendant must enter his or her guilty plea voluntarily with

a full understanding of the nature of the charges made in the indictment, his or her available defenses, and the nature and consequences of such plea. *DeForest*, 946 F.2d at 525. A defendant must enter his or her guilty plea voluntarily and with full understanding of the nature of the charges, his or her available defenses, and the consequence of such plea. *Id.* A silent record does not presume that the plea meets constitutional muster. *See Boykin v. Alabama*, 395 U.S. 238, 242–43, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274, 279 (1969). Where there is no transcript of the plea testimony as to the court's custom and practice in accepting guilty pleas, it is sufficient to demonstrate compliance with constitutional standards. *See United States v. Dickerson*, 901 F.2d 579, 583 (7th Cir.1990). If defendant's "intelligent awareness" can be reasonably inferred from this evidence, then the plea passes muster. *Gallman*, 907 F.2d at 644; *Henry*, 933 F.2d at 559.

The fact defendant had been arrested twenty times made it apparent defendant was aware of the workings of the criminal justice system. *See DeForest*, 946 F.2d at 526; *Henry*, 933 F.2d at 560; *Marshall v. Lonberger*, 459 U.S. 422, 437, 103 S.Ct. 843, 852, 74 L.Ed.2d 646, 660–61 (1983). The fact defendant's plea was changed from not guilty to guilty shows an awareness of the right to plead not guilty. *See DeForest*, 946 F.2d at 526, *Henry*, 933 F.2d at 560.

We do not find on this record that defendant has shown he unintelligently or involuntarily entered the plea. *See generally United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634, 637 (1979); *United States v. Bluso*, 519 F.2d 473, 474 (4th Cir.1975); *see also Adams v. State*, 269 N.W.2d 442, 445 (Iowa 1978).

Defendant relies on *Boykin*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, to support his position. *Boykin*, however, is distinguishable because it involved a guilty plea to a felony, rather than a simple misdemeanor. Less serious consequences flow from a misdemeanor than from a felony.

Defendant had ample assistance and protection in pleading to the misdemeanor. *See People v. Tomlinson*, 50 Mich.App. 655, 213 N.W.2d 803, 805 (1973); *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94, 102 (1981) (Colwell, J., dissenting). We affirm.

AFFIRMED.