993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry D. WILSON, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 92-2704.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 20, 1993.*
Decided May 11, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Larry D. Wilson, a convicted felon who was sentenced under 18 U.S.C. § 924(e)(1), the "Armed Career Criminal" provision, appeals from the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Wilson contends that the state court convictions used to enhance his sentence were obtained unconstitutionally, and that he received ineffective assistance of counsel at sentencing and on direct appeal. Wilson also claims that he is entitled to an evidentiary hearing. We affirm the district court.
 
 I. BACKGROUND
 
 2
 Following a jury trial, Larry D. Wilson was found guilty of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Having determined that Wilson had three prior convictions in state court for violent felonies, the district court applied 18 U.S.C. § 924(e)(1) and imposed the mandatory minimum sentence of fifteen years imprisonment, to be followed by five years of supervised release. Wilson appealed his conviction and sentence. In a published opinion, a panel of this Court affirmed. United States v. Wilson, 922 F.2d 1336 (7th Cir.), cert. denied, 112 S.Ct. 155 (1991).
 
 
 3
 Wilson's three prior violent felony convictions (forming the basis of sentence enhancement under § 924(e)(1)) were for the following:
 
 
 4
 (1) a residential burglary on October 23, 1985 in Vermilion County, Illinois;
 
 
 5
 (2) a robbery on November 13, 1985 in Vermilion County, Illinois; and
 
 
 6
 (3) a robbery on November 12, 1985 in Champaign County, Illinois.
 
 
 7
 Attorney Michael D. Clary was appointed to represent Wilson in the two Vermilion County cases, and attorney Larry Silkwood was appointed to represent Wilson in the Champaign County case. All three convictions were, however, the subject of a single plea agreement in which Wilson agreed to plead guilty to the three offenses in exchange for a sentence of six years in prison.[1] The record reveals that Clary was the principal architect of the plea agreement.
 
 
 8
 When Wilson was indicted for a violation of § 922(g)(1), Wilson retained Clary as counsel. After Wilson was tried and convicted, Clary moved to withdraw in anticipation of Wilson's challenge to the constitutionality of his state court convictions based on Clary's allegedly ineffective assistance in representing Wilson during the plea negotiations in those cases. The district court granted Clary's motion and appointed David J. Ryan to represent Wilson during the sentencing phase of proceedings. Ryan filed a Rule 33 motion for a new trial,[2] as well as objections to the presentence report. These objections included a challenge to the constitutionality of Wilson's state court convictions.
 
 
 9
 At Wilson's sentencing hearing, the district court judge heard testimony from Clary and from Wilson. The district court established that during plea negotiations with the state, Clary had told Wilson that if Wilson refused to plead guilty to the three offenses and insisted on going to trial, Clary would withdraw as counsel and the court would appoint a different attorney to represent him. The district court also considered the transcripts of Wilson's guilty plea hearing in the Vermilion County cases. The court determined that (1) the state court convictions comported with due process, and (2) Clary's statement that he would withdraw unless Wilson pleaded guilty did not amount to a coerced guilty plea so as to undermine the constitutionality of the prior convictions. Wilson appealed, and Ryan was appointed to represent him. A panel of this Court affirmed Wilson's conviction and sentence. See Wilson, 922 F.2d at 1336.
 
 
 10
 Proceeding pro se, Wilson then filed a § 2255 motion to vacate his sentence, alleging that (1) he was denied due process because the district court did not make explicit findings concerning the constitutionality of one of his prior state court convictions; (2) his three guilty pleas were the product of collusion between the state and his court-appointed counsel; (3) he did not receive due process because his attorney threatened to withdraw if Wilson decided not to plead guilty; and (4) his counsel was ineffective, because he failed to raise the first and second issues either at sentencing or on direct appeal.[3] Wilson also requested an evidentiary hearing. The district court determined that the issues pertaining to the constitutionality of his three prior state court convictions had been fully aired on direct appeal, and that Wilson's ineffective assistance of counsel claim did not meet the test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). The district court accordingly denied Wilson's § 2255 motion. Wilson filed a timely appeal.
 
 II. DISCUSSION
 
 11
 It is well-established that in order for a prior conviction to be considered for purposes of sentence enhancement under 18 U.S.C. § 924(e)(1), it must have been constitutionally obtained. United States v. DeForest, 946 F.2d 523, 525 (7th Cir.1991), cert. denied, 112 S.Ct. 1235 (1992); United States v. Gallman, 907 F.2d 639, 642 (7th Cir.1990), cert. denied, 111 S.Ct. 1110 (1991). Moreover, "a conviction pursuant to a guilty plea that is not voluntarily and intelligently given is not constitutionally obtained." Gallman, 907 F.2d at 642 (citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969)).
 
 
 12
 Wilson first argues that the district court never made specific findings concerning the constitutionality of his Champaign County conviction, and that he was denied effective assistance of counsel at sentencing and on direct appeal because his attorney, Ryan, failed to raise this issue.[4] The record reveals that Ryan presented testimony from both Wilson and Clary. Their testimony shows that the Champaign County conviction was part of Wilson's combined plea agreement. In making its determination that the convictions for the three predicate offenses were constitutionally obtained, the district court considered all three convictions which were part of the single plea agreement.[5] (Sentencing Tr. part II at 6-9). Furthermore, on direct appeal, this Court determined that "Wilson had three prior convictions, the result of a bulk plea agreement that had disposed of the indictments against him in three state prosecutions at once." Wilson, 922 F.2d at 1340. We also found that the three convictions had been constitutionally obtained despite Clary's threat to withdraw if Wilson refused to accept the bulk plea agreement. Id. at 1340-42. This Court thus considered and disposed of Wilson's contention that because of Clary's threat to withdraw, his three prior convictions were constitutionally defective. See id.
 
 
 13
 Wilson now argues, however, that because the Champaign County conviction should have received separate scrutiny, Ryan's failure to raise this issue constituted ineffective assistance of counsel. Wilson contends that his guilty plea in that case was not knowing and voluntary because he was not informed of the weakness of the state's case against him before he entered his plea. He further contends that his plea was ineffectively counseled by Silkwood, and that Ryan erred in not raising these issues. In support of his claims, Wilson submitted evidence showing (1) that he had attempted to obtain a transcript of proceedings and other documents concerning his arrest and conviction in the Champaign County case, and that his request had been denied,[6] and (2) that Ryan did not challenge the constitutionality of the Champaign County conviction either at sentencing or on direct appeal.[7] The transcript of Wilson's guilty plea, as well as other documents pertaining to the Champaign County case, are now before the Court.[8]
 
 
 14
 The guilty plea transcript reveals that before accepting Wilson's plea, the Champaign County Circuit Court fully advised Wilson of the rights he would be waiving by pleading guilty. The court also determined that Wilson's guilty plea was uncoerced, that he had entered into the plea agreement of his own volition, and that the plea was factually based. (Petitioner's Exh. 19). Because Wilson entered a knowing and voluntary guilty plea in this case, and expressly admitted that the plea was factually based, he cannot now argue that had he chosen to go to trial, he would have had a better chance of being acquitted than he believed at the time he pleaded guilty. See United States v. Broce, 488 U.S. 563, 571-74, 109 S.Ct. 757, 763-65 (1989); Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973); Brady v. United States, 397 U.S. 742, 756-57, 90 S.Ct. 1463, 1473-74 (1970); McMann v. Richardson, 397 U.S. 759, 769-71, 90 S.Ct. 1441, 1448-49 (1970); see also United States v. Seybold, 979 F.2d 582, 585-86 (7th Cir.1992).[9] Furthermore, the record does not support a conclusion that Wilson received ineffective assistance of counsel from Silkwood. See McMann, 397 U.S. at 769-71, 90 S.Ct. at 1448-49. Thus, Wilson's conviction in the Champaign County case was constitutionally obtained and properly counted for purposes of sentence enhancement under § 924(e)(1). See, e.g., DeForest, 946 F.2d at 525. Hence, in light of Clary's threat to withdraw if Wilson did not accept the combined plea agreement, the fact that Ryan raised the issue of Clary's effectiveness, rather than arguing that Wilson's conviction in the Champaign County case was unconstitutionally obtained, does not amount to ineffective assistance of counsel. See Gray v. Greer, 800 F.2d 644, 646 (7th Cir.1985) ("only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome").[10]
 
 
 15
 Wilson also contends that Ryan should have argued the claim of Clary's ineffective assistance differently. Wilson states that Clary acted under an actual "conflict of interest" because he insisted that Wilson plead guilty even though Wilson was reluctant to do so. Wilson further contends that this argument would have obviated the need to determine whether Wilson was prejudiced by Clary's conduct. Wilson is mistaken. Clary's insistence that Wilson plead guilty did not constitute a "conflict of interest" as that term is properly understood. See Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718 (1980) (conflict of interest may occur when attorney represents the interests of more than one party); Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173 (1978) (same). Wilson further alleges that Clary colluded with the state to obtain Wilson's guilty plea. Clary's conduct would amount to a conflict of interest adversely affecting his performance, and thus constitute ineffective assistance of counsel under Cuyler, 446 U.S. at 348, 100 S.Ct. at 1718, if Clary had indeed colluded with the state. See also Strickland, 466 U.S. at 685, 104 S.Ct. at 2063 (1984) ("An accused is entitled to be assisted by an attorney ... who plays the role necessary to ensure that the trial is fair."). But there is nothing in the record to raise the least suspicion of collusion. To the contrary, as this Court observed, it appears that "[t]he state's offer to dispose of three indictments at once was a good one for Wilson and attractive in its own right." Wilson, 922 F.2d at 1342. These observations foreclose Wilson's claim that Ryan's performance was defective due to his failure to argue either collusion or the existence of a conflict of interest in Clary's representation of Wilson. See Gray, 800 F.2d at 646 (issues not advanced were not "clearly stronger" than issue presented).
 
 
 16
 Wilson's claim that he received ineffective assistance of counsel, as well as his claim that the convictions in his three predicate offenses were unconstitutionally obtained, are therefore without merit. Because the record before us is sufficiently developed to allow for this determination, Wilson is not entitled to an evidentiary hearing. See Matta-Ballesteros v. Henman, 896 F.2d 255, 258 (7th Cir.) ("an evidentiary hearing is not necessary when the facts essential to the consideration of the constitutional issue are already before the court") (citations omitted), cert. denied, 111 S.Ct. 209 (1990).
 
 CONCLUSION
 
 17
 The district court's denial of Wilson's § 2255 motion is therefore
 
 
 18
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Wilson was sentenced to four years of incarceration in the Champaign County conviction, to run concurrently with a six-year sentence imposed in the Vermilion County cases. (Petitioner's Exh. 19 at 6)
 
 
 [2]
 Ryan argued in part that Clary's representation of Wilson during trial had amounted to ineffective assistance of counsel
 
 
 [3]
 Absent ineffective assistance of counsel, Wilson's failure to raise the first two issues in earlier proceedings bars their consideration on collateral review. See United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982); Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986)
 
 
 [4]
 Because Ryan represented Wilson both at sentencing and on direct appeal, Wilson is not barred from raising his ineffective assistance of counsel claim for the first time on collateral review. See Velarde v. United States, 972 F.2d 826, 827 (7th Cir.1992)
 
 
 [5]
 Wilson's contention that the district court ruled that his objections to his presentence report were "moot" reflects a misapprehension on Wilson's part. The district court correctly observed that if sentencing Wilson as an armed career criminal pursuant to § 924(e)(1) was proper, then Wilson's other objections to the calculations made in the presentence report would have no effect on his ultimate sentence. (Sentencing Tr. part II at 7-8) (emphasis supplied)
 
 
 [6]
 See Petitioner's Exhs. 12-14
 
 
 [7]
 See Petitioner's Exh. 9 (Ryan Affidavit)
 
 
 [8]
 See Petitioner's Exhs. 15-21. It is not entirely clear whether the transcript of Wilson's guilty plea hearing in the Champaign County case was presented to the district court prior to sentencing. It was, however, included in the packet of exhibits submitted to the district court in support of Wilson's § 2255 motion
 
 
 [9]
 Were we to accept Wilson's contention that a witness in the Champaign County case could not identify him as the person who forcibly stole a purse, this would only mean that the state's case was weaker than Wilson believed it to be when he pleaded guilty. This does not change the fact that Wilson stated under oath in open court that his guilty plea was factually based--in other words, that he did steal the purse. See Tollett, 411 U.S. at 267, 93 S.Ct. at 1608; Brady, 397 U.S. at 757, 90 S.Ct. at 1473-74
 
 
 [10]
 Moreover, it appears from the record that Ryan was aware of the potential issues in this case and made a sound strategic decision to present certain issues rather than others. Since Ryan's choice of issues clearly did not fall below "an objective standard of reasonableness," Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064 (1984), and did not prejudice Wilson, id. at 691-92, 104 S.Ct. at 2066-67, Wilson's claim of ineffective assistance of counsel is even weaker than we have assumed for purposes of our discussion. See Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308 (1983); see also Gray, 800 F.2d at 646-47 (7th Cir.1985)