7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin D. FOULKS, Defendant-Appellant.
 No. 93-1594.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 7, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Foulks pleaded guilty to being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1), and received the fifteen year mandatory minimum sentence for armed career criminals. 18 U.S.C. § 294(e)(1). Foulks objects to his enhancement, alleging that the guilty plea underlying one of his prior convictions was constitutionally infirm. Alternatively, he argues that the district court should have departed downward from the mandatory minimum because the Sentencing Guidelines overrepresented his criminal history. We affirm.
 
 I. Constitutionality of Guilty Plea
 
 2
 The conviction in question was entered in 1988 in state court for aggravated battery. Ill.Rev.Stat. ch. 38, para. 12-4(b)(8). Foulks argues that his guilty plea was not valid under Boykin v. Alabama, 395 U.S. 238 (1969), because the sentencing judge did not advise him that he would waive the privilege against self-incrimination and the right to confront his accusers. Furthermore, the judge did not specify the offense with which Foulks was charged, nor did he explain the nature of the charge or the maximum and minimum penalties before accepting Foulks' plea.
 
 
 3
 The district court judge reviewed the sentencing transcript from the 1988 conviction and concluded that under the totality of the circumstances at the time of the plea, Foulks had knowingly and voluntarily pleaded guilty. Our review of the district court's decision is deferential. United States v. Wildes, 910 F.2d 1484, 1486 (7th Cir.1990).
 
 
 4
 Section 924(e) requires three prior convictions before a defendant's sentence may be enhanced. These convictions must have been constitutionally obtained. United States v. DeForest, 946 F.2d 523, 525 (7th Cir.1991). In cases where the defendant pleads guilty, the plea must be given voluntarily and with knowledge that the defendant waives his privilege against self-incrimination, his right to a jury trial, and his right to confront his accusers. Boykin, 395 U.S. at 242-43. However, these rights need not be stated explicitly as long as the totality of the circumstances establish a factual basis from which it can be reasonably inferred that the defendant's plea is voluntary. DeForest, 946 F.2d at 526 (applying pre-Boykin standard); United States v. Henry, 933 F.2d 553, 560 (7th Cir.1991); United States v. Gallman, 907 F.2d 639, 644 (7th Cir.1990). Thus, a reviewing court may look to other questions or statements made by the judge prior to sentencing, to the defendant's familiarity with the criminal justice system, and in collateral attacks on prior convictions, to the defendant's failure to file a direct appeal or post-conviction motion to void the plea. DeForest, 946 F.2d at 526; Henry, 933 F.2d at 560.
 
 
 5
 During the plea hearing, the judge never stated explicitly that by pleading guilty Foulks would waive his right against self-incrimination and the right to confront his accusers. Yet, he asked Foulks if he understood that there would be "no trials, no evidence, no witnesses, no jury, nothing whatsoever other than the statements made here in court today." Appellee's Brief, A-32. Although the judge did not expound on the rights that would be waived, his questioning was sufficient to comply with the general language in Boykin and to ensure that the plea was voluntary and knowing. Furthermore, the judge told Foulks explicitly that he could plead not guilty and proceed to trial or appeal his sentence within 30 days.
 
 
 6
 In addition to this dialog, Foulks was familiar with the criminal justice system and with the state circuit court in Jefferson County, Illinois in particular. Convicted and sentenced to prison twice before for aggravated battery, Foulks had a criminal and juvenile record dating back to 1979. Under these circumstances, it is difficult to conceive that Foulks did not know that he had a privilege against self-incrimination and a right to confront his accusers at trial. See Henry, 933 F.2d at 560 (failure to mention privilege against self-incrimination was not fatal where other questions by the court established defendant's understanding); United States v. Colston, 936 F.2d 312, 318 (7th Cir.1991) (despite failure to mention right to confront witnesses, plea was still valid based on entire record).
 
 
 7
 Foulks suggests that his ninth grade education limited his understanding of what transpired during his 1988 hearing. However, the failure to complete high school without further evidence of inferior mental capacity is not dispositive. Because we find no evidence to suggest otherwise, we defer to the district court's assessment that the judge's omissions were not fatal and do not invalidate Foulks' plea of guilty.
 
 
 8
 Foulks also argues that the judge did not state the offense with which he was charged, the nature of that charge, or the maximum and minimum penalties that could be imposed in breach of Illinois Supreme Court Rule 402(a). Although the focus of collateral review is on violations of the federal constitution and not state law, Colston, 936 F.2d at 318, a sufficient understanding of the nature of the charge is necessary to voluntarily and knowingly plead guilty. Boykin, 395 U.S. at 243 n. 5.
 
 
 9
 Before beginning his colloquy with Foulks, the judge addressed the prosecutor, who stated the terms of the negotiated plea. Not only did the prosecutor state the charge as one for aggravated battery, but he then established the factual basis for the offense. At that point, Foulks' counsel stipulated to the facts. Appellee's Brief at A-29, 30. Furthermore, the court received affirmative responses from Foulks when he was asked whether he had obtained copies of all the charges in the case and whether he understood the terms of the negotiated plea. Although the judge did not specify the elements of aggravated battery for Foulks, it is enough if defense counsel informed him of them, and it is presumed that he did. Stewart v. Peters, 958 F.2d 1379, 1386 (7th Cir.1992). Finally, Foulks had been convicted of aggravated battery twice before. He had received a three year sentence for his first conviction and five years probation, that was eventually revoked, for the second offense. Thus, we find that there are sufficient facts to reasonably infer that Foulks understood the nature of the charge and the consequences of conviction, and we agree with the district court that Foulks' plea was voluntarily and knowingly given.
 
 II. Failure to Depart Downward
 
 10
 Foulks claims that the the district court erred when it failed to depart downward from the fifteen year statutory minimum required under 18 U.S.C. § 924(e) for defendants with three previous convictions.
 
 
 11
 Where a statutory minimum exists, the sentencing judge has very limited authority to depart downward. 18 U.S.C. § 3553(e). In fact, the court may do so only upon motion of the Government and only if the defendant has offered substantial assistance in the investigation or prosecution of another person. There are no exceptions. United States v. Baker, 965 F.2d 513, 516 (7th Cir.1992). Because the Government did not motion the court to impose a sentence below the statutory minimum, the district court had no authority to depart downward.
 
 
 12
 The sentence is AFFIRMED.